## MEYERS *v.* HUNT.

(*Supreme Court, General Term, Second Department.* February 8, 1892.)

EVIDENCE—PROOF OF HANDWRITING—COMPARISON.

The defense to an action against an executor on an alleged promissory note of his testator was that the note was a forgery. Plaintiff testified to the signature, and introduced a specimen of the decedent's signature in evidence, but defendant did not offer evidence of like nature. *Held,* that a verdict, based upon inspection and comparison by the jury of the decedent's signature so produced with the signature to the note, would not be set aside on appeal.

Appeal from circuit court, Westchester county.

Action by Bridget Meyers against David Hunt, as executor of Harrison Hunt, upon a promissory note alleged to have been made by defendant's testator, but which defendant claimed was a forgery. Judgment for plaintiff. Defendant appeals. Affirmed. For former report, see 14 N. Y. Supp. 471.

Argued before BARNARD, P. J., and PRATT, J.

*Arthur T. Hoffman,* (*John H. Clapp* and *Jarvis W. Mason,* of counsel,) for appellant. *Charles H. Noxon,* for respondent.

PRATT, J. The executor failed to produce any of decedent's handwriting to compare with the signature of the note in suit. That neglect is most significant; almost an express admission that the note sued upon is genuine. The plaintiff produced one specimen which the jury compared with the note, and their verdict, based upon that inspection and comparison, cannot be interfered with. In view of the above the opinion of the witnesses is of slight importance. Judgment affirmed, with costs.